UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALPHONSO SIMMONS,

                Plaintiff,

          v.

DAVID ADAMY, et al.,

                Defendants.
_____

DECISION & ORDER

08-CV-6147L

Plaintiff Alphonso Simmons ("Simmons") has filed a *pro se* complaint under 42 U.S.C. § 1983 against three employees of the New York State Department of Correctional Services ("DOCS") – Officer David Adamy ("Adamy"), Deputy Superintendent of Programs Sandra Dolce ("Dolce") and Deputy Commissioner Anthony Annucci. Simmons claims that the defendants violated his constitutional rights by denying him access to the law library at Attica Correctional Facility and then retaliating against him when he complained. (Docket # 19). Currently pending before this Court is Simmons's motion to compel discovery responses from defendants. (Docket # 37). For the reasons discussed below, Simmons's motion is granted in part and denied in part.

**DISCUSSION**

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible

evidence." *Id*. The relevance standard, therefore, is commonly recognized as one that is necessarily broad in its scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant [to a party's claim or defense]") (internal quotations omitted).

Simmons challenges the adequacy of defendants' responses to several interrogatories and document requests. I address each in turn below.

I. **Defendant Adamy**

Simmons challenges the completeness of Adamy's response to Interrogatory No. 7. Specifically, Simmons contends that Adamy, a corrections officer in the law library, did not respond to that portion of the interrogatory that asked, "Outside of special access, did you afford the plaintiff any extra time in the law library?" (Docket ## 37 at ¶ 8; 43 at ¶ 3). While Adamy's supplemental response to the interrogatory (Docket # 34) suggests that Adamy may not have had the authority to grant inmates extra library time, Adamy must still answer the question whether, in fact, he ever allowed Simmons extra time in the library. Accordingly, Adamy is directed to supplement his response to Interrogatory No. 7 by no later than **March 25, 2011**.

II. **Defendant Dolce**

    I turn next to Simmons's motion to compel further responses from defendant Dolce to Interrogatories Nos. 2, 20 and 22.[1]

    A. **Interrogatory No. 2**

    Simmons moves to compel Dolce to respond to the portion of Interrogatory No. 2 asking how inmates are notified of the process for requesting special access to the law library. (Docket # 37 at ¶¶ 9-10). Simmons contends that because his claim alleges that he was denied access to the courts by being denied special access to the law library, the issue of whether inmates are "notified of the process for special access [is] . . . crucial to [his] allegations." (*Id*. at ¶ 10). Dolce objects to the question on the grounds that the issue of notice is irrelevant because Simmons has not alleged that he was not notified of the process for requesting special access. (Docket # 39 at ¶ 8).

    Upon review of the complaint, I agree with Dolce that the issue of notice is not relevant to Simmons's claims. Simmons has alleged only that he was not properly granted special access; he has not alleged that he was unaware of how to request special access or that he was denied such access on the basis that his requests were improperly made. (*See* Docket # 19). Accordingly, Simmons's motion to compel a further response to Interrogatory No. 2 is denied.

---

[1] Simmons's motion to compel a response to Interrogatory No. 17 now appears moot. That interrogatory requests Dolce to identify the DOCS employees who investigated Simmons's allegations against Adamy between January 2007 and the present. (Docket # 37 at ¶ 11). Dolce responded that "no listing is maintained of investigations or investigators against CO Adamy." (Docket # 28 at 8). In his reply, Simmons requested that "[i]f the defendants maintain that these persons cannot be identified, the plaintiff asks that the defendants be prevented from introducing such persons claiming to have investigated the plaintiff's claims to testify at trial." (Docket # 43 at ¶ 5). Such a preclusion request may be reasonable, although it is premature because defendants have not indicated any intention to offer any testimony from any individuals who investigated Simmons's claims against Adamy.

B. **Interrogatory No. 20**

Simmons alleges that Dolce's response to Interrogatory No. 20 is inadequate. The interrogatory asks: "If an inmate requests special access how long does it take between the time of request and approval; approval and actual access to the law library? Are inmates approved for special access afforded any preferential access to the law library?" (Docket # 37 at ¶ 13). Dolce's response identifies several factors affecting the time between the approval of a request and the actual "call out" to the library and estimates the average time between approval and "call out" to be three days. (*Id*.). Dolce's supplemental response states that inmates who are granted special access are "afforded additional access to the law library." (Docket # 35). Dolce has not responded, however, to the portion of the interrogatory asking how long it generally takes a request to be approved. Accordingly, Dolce shall provide a written response to this question by no later than **March 25, 2011**.

In his reply, Simmons has clarified that by asking whether inmates approved for special access are given preferential treatment, he wishes to know "will an inmate who is approved for special access receive access over an inmate who does not have special access[?]" (Docket # 43 at ¶ 7). With this clarification, Dolce is directed to provide a written response by no later than **March 25, 2011**.

C. **Interrogatory No. 22**

Simmons challenges the adequacy of Dolce's response to Interrogatory No. 22, which asks: "If law library call-outs are mandatory and special access is granted preferential access, why did you not instruct Officer Adamy to schedule the plaintiff and an officer that the plaintiff complained several times to you about." (Docket # 28). Dolce has attempted to respond

to this interrogatory, stating, "If I received a complaint that access was not granted, . . . a contact is made to see why and for follow through of special access scheduling."  (*Id*.).  I agree with Dolce that the interrogatory is otherwise incomprehensible.  No further response is required.

### III.  Document Requests

I turn now to Simmons's motion to compel further responses to Document Requests Nos. 6, 8, 11 and 12.

#### A.  Document Request No. 6

In this request, Simmons seeks "all records of visits and packages [received by the plaintiff,] the date and time of the visit or package and the name of the visitor and/or person sending the package."  (Docket # 37 at ¶ 21).  Defendants object to the request as irrelevant.  (Docket # 33 at 3).  Simmons contends that the information is relevant to prove injury "in that the plaintiff's impending marriage was contingent on a divorce proceeding that was dismissed because the plaintiff did not have adequate access to the law library."  (Docket # 37 at ¶ 23).  Even if Simmons could state a claim for denial of access of the courts on the basis of these allegations, he has not demonstrated how the packages and visitors he received are relevant to this claim.  Accordingly, Simmons's motion to compel a response to Document Request No. 6 is denied.

#### B.  Document Request No. 8

Simmons's original Document Request No. 8 sought "all requests submitted by the plaintiff while at Attica," which defendants objected to as "vague and incomprehensible."  (Docket # 33 at 4).  Simmons has since clarified that he seeks copies of all of his requests to visit

the law library. (Docket # 37 at ¶ 26). Defendants have indicated that they will provide the documents responsive to this narrowed request if ordered by the Court. (Docket # 39 at ¶ 13). Defendants are hereby directed to do so by no later than **March 25, 2011**.

### C. Document Requests Nos. 11 and 12

These requests seek copies of all grievances against Adamy, Dolce, the law library at Attica and "any law library in DOCS." (Docket # 37 at ¶ 30). Defendants object to the requests as irrelevant, overbroad and burdensome. (Docket # 26 at 5). As to the first two, defendants have submitted affidavits explaining that DOCS does not index grievances by the names of the corrections officers, but by the name of the complaining inmate. (Docket # 39, Exs. A and B). For that reason, a response to this request would require the review of every Attica inmate's file and is overbroad and unduly burdensome. (*Id.*). Further, Simmons has not demonstrated the relevance of all grievances related to the Attica law library, let alone every other DOCS library. Additionally, defendants have submitted an affidavit detailing the effort and burden that responding would require. (*Id.*, Ex. B). Accordingly, Simmons's motion to compel responses to Document Requests Nos. 11 and 12 is denied.

## VI. Case Summaries

Finally, although not raised in Simmons's motion to compel, defendants have responded to a February 25, 2010 letter request by Simmons for "case summaries" of the federal cases in which Dolce and Adamy are each named as a party, listed in Exhibits A and B to defendants' Response to Simmons's First Request for Production of Documents. (*See* Docket # 26). Defendants have identified twenty-one cases in which Dolce was named as a party and

twelve for Adamy. (*Id*.). Defendants correctly assert that the Federal Rules of Civil Procedure do not require them to create summaries of cases; instead, defendants have offered to provide copies of the complaints and dispositive orders in each of the cases on the condition that Simmons pays the associated downloading and copying costs. Alternatively, Simmons may request copies of the complaints and other filings directly from the applicable court's clerk's office upon payment of the required fees.

## CONCLUSION

For the reasons discussed above, Simmons's motion to compel **(Docket # 37)** is **GRANTED in PART** and **DENIED in PART**. Defendants shall respond as directed herein by no later than **March 25, 2011**. Simmons's request for the imposition of monetary sanctions **(Docket # 37)** is **DENIED**.

**IT IS SO ORDERED.**

       *s/Marian W. Payson*
       MARIAN W. PAYSON
       United States Magistrate Judge

Dated: Rochester, New York
      March   7  , 2011