UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALPHONSO SIMMONS,

                Plaintiff,

        v.

DAVID ADAMY, et al.,

                Defendants.
_____

DECISION & ORDER

08-CV-6147L

        Plaintiff in the above-captioned matter has filed a motion requesting this Court to reconsider the portion of this Court's March 7, 2011 Decision and Order denying his motion to compel a further response from defendant Dolce to Interrogatory No. 22. (Docket # 48). Because a copy of plaintiff's original interrogatories were not filed with the Court as directed by Rule 5.2(f) of the Local Rules, the Court relied on defendants' transcription of the interrogatory and ruled that it was incomprehensible.[1] (Docket # 45 at 4-5). Plaintiff now contends that defendants transcribed the interrogatory incorrectly and that the original interrogatory read: "If law library call-outs are mandatory and special access is granted preferential access, why did you not instruct Office Adamy to schedule the plaintiff at night to avoid conflict between the plaintiff and an officer the plaintiff complained about several times?" (Docket # 48 at 2). The plaintiff requests that defendant Dolce be ordered to answer the interrogatory in its original form.

---

    [1] The interrogatory as transcribed by defendants in their opposition to plaintiff's motion to compel read: "If law library call-outs are mandatory and special access is granted preferential access, why did you not instruct Officer Adamy to schedule the plaintiff and an officer that the plaintiff complained several times to you about." (Docket # 28).

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Although this Court has been unable to find plaintiff's original interrogatories in the record, a February 25, 2010 letter from the plaintiff to the Court contains the version of the interrogatory that the plaintiff now insists is correct. (*See* February 25, 2010 letter from plaintiff to the Court). In light of this clarification, I find that the interrogatory is relevant to plaintiff's claim that defendants violated his constitutional rights by denying him access to the law library at Attica Correctional Facility and then retaliating against him when he complained. (Docket # 19).

Accordingly, plaintiff's motion to reconsider **(Docket # 48)** is **GRANTED** and defendant Dolce shall respond to the interrogatory as articulated by plaintiff in his motion for reconsideration by no later than May 27, 2011.

**IT IS SO ORDERED.**

                                               *s/Marian W. Payson*
                                                        MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
       April   26  , 2011